UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19CR00463 |
| ) | |
| FRANK STOGSDILL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion seeking a sentence reduction and compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. For the following reasons, the motion will be denied.

### BACKGROUND

In July 2023, Defendant Frank Stogsdill pleaded guilty to one count of conspiracy to possess with intent to distribute controlled substances in the Eastern District of Missouri. (E.D. Mo. Case No. 4:19-CR-00463-JAR-5). As part of a drug trafficking conspiracy, Stogsdill participated in a large-scale drug conspiracy involving the distribution of large amounts of narcotics, including fentanyl and methamphetamine. In December 2023, he was sentenced to 60 months in prison and three years of supervised release. Stogsdill is currently incarcerated at Springfield MCFP in Missouri with a projected release date of January 9, 2028. He is 62 years old.

In April 2024, Stogsdill filed a motion to reduce his sentence and for compassionate release, citing his failing health. Specifically, Stogsdill suffers from type 2 diabetes, hypertension, and hyperlipidemia. He also has a history of strokes (one in 2015 and another in 2019), which caused cerebral infarction and associated mental decline. He requires continuous care and is unable

1

to live independently. Accordingly, Stogsdill requests that this Court reduce his sentence and grant compassionate release pursuant to an alternate release plan, to include a five-year period of supervised release with a condition of home confinement at a nursing facility in Park Hills, Missouri. The Government filed a response to the motion acknowledging Stogsdill's medical conditions but opposing release because the conditions were known to the Court at sentencing and Stogsdill failed to show that the mandatory sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release. The Government also argues that the Court cannot consider Stogsdill's request because Stogsdill failed to exhaust administrative remedies, as there was no indication that the letter requesting compassionate release dated February 1, 2024 was sent or served and if so, to whom and when. In reply, Stogsdill states he exhausted administrative remedies because the letter requesting compassionate release was hand-delivered to Springfield MCFP by his son and was received by the warden on February 7, 2024, the same date Stogsdill surrendered himself to the custody of the facility.

## LEGAL STANDARDS

**First Step Act**

The First Step Act, passed in 2018, allows an incarcerated individual to bring his own motion for compassionate release if he has exhausted his administrative appeals or after the warden of his facility receives the request and does not respond within 30 days. Pub. L. No. 115-391, 132 Stat. 5194, § 603(b). Aside from allowing defendants to bring their own motions, the First Step Act did not change the standards for compassionate release. *United States v. Vangh*, 990 F.3d 1138, 1140 (8th Cir. 2021). Relief is available where the proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C.

2

§ 3582(c)(1)(A). As relevant here, "extraordinary and compelling reasons" include: (1) a terminal illness such as end-stage organ disease; (2) a serious medical condition that substantially diminishes a defendant's ability to provide self-care in the facility and from which he is not expected to recover; and (3) a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration or death. U.S.S.G. § 1B1.13(b)(1).

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The Guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Relevant factors to this consideration include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id.* (incorporating the 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. *See, e.g., United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo 2019).

**DISCUSSION**

3

As a preliminary matter, the Court finds that Stogsdill exhausted his administrative remedies by submitting a request to the warden of his facility on February 7, 2024. (No. 4:19-cr-00463-JAR-5, Doc. 905).

On the merits, the Government argues that none of Stogsdill's health problems – including type 2 diabetes, hypertension, hyperlipidemia, mental decline, and physical limitations – qualify as a "serious or physical medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility…" U.S.S.G. § 1B1.13(b)(1)(B). Moreover, Government asserts that these health problems are conditions that the Federal Bureau of Prisons ("BOP") routinely treat and manage. The Court agrees. As pointed out by the Government, Springfield MCFP has 24-hour nursing care and onsite physical therapy. The BOP simply has the ability to provide appropriate care to Stogsdill.

The Court will also note that the health problems detailed in Stogdill's motion were known and factored into consideration at the time of sentencing, as reflected in the final presentence investigation report and sentencing recommendation of December 2023. (No. 4:19-cr-00463-JAR-5, Doc. 846 at 16-17; Doc. 847 at 2). Due in large part to Stogsdill's physical and mental condition, the Court imposed a sentence with a substantial downward variance below the guideline range. Specifically, the guideline range recommended a prison sentence from 210 to 240 months, but the Court imposed a prison sentence of only 60 months.

The second and third requirements focus on the nature and circumstances of the offense, the history and characteristics of the defendant, and community safety. These factors weigh against early release here. The sentence imposed reflects the seriousness of the offense and provides just punishment for the offense and deterrence to criminal conduct. Stogsdill sold a quantity of actual methamphetamine to a confidential informant and then obtained 5 pounds of methamphetamine

from a co-conspirator. He created a grave risk of death or serious physical injury when he fled from officers attempting to stop him. The pursuit resulted in his motorcycle crashing and causing him many serious injuries which are the source of some of his present health problems. Stogsdill has a history of alcohol and drug abuse and will need close monitoring upon his release to the community. Stogsdill presents no new material facts that would change the balancing of these factors since the time of sentencing. Considering these factors and the fact that Stogsdill can be adequately cared for by the BOP, early release is not warranted. The Court continues to believe that Stogsdill's sentence is fair and just punishment and that his continued incarceration is necessary to protect public safety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for sentence reduction and compassionate release is **DENIED**. (No. 4:19-cr-00463-JAR-5, Doc. 897).

Dated this 3rd day of February, 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE