UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-CR-00463-JAR-5 ) ) |
| FRANK STOGSDILL, SR., | ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Frank Stogsdill's second motion for a reduction in sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons stated below, the motion will be denied.

**BACKGROUND**

In July 2023, Stogsdill pleaded guilty to one count of conspiracy to possess with the intent to distribute controlled substances, 21 U.S.C. § 841, in connection with a large drug-trafficking operation involving multiple co-defendants. (Doc. 812). Based on a total offense level of 37 and a criminal history of I, the guideline imprisonment range was 210 to 240 months. (Doc. 846 at 19). In December 2023, the Court sentenced Stogsdill to 60 months in prison followed by three years of supervised release. (Doc. 860). Stogsdill is incarcerated at Springfield MCFP in southwest Missouri with a release date of June 13, 2027. He is 63 years old.

Stogsdill filed his first motion for compassionate release in April 2024 citing his failing health due to diabetes, hypertension, hyperlipidemia, and two strokes. The Court denied the motion in February 2025, reasoning that Defendant's medical conditions were known at the time of

sentencing and didn't rise to the level of extraordinary and compelling circumstances warranting a reduction in sentence. (Doc. 914). Moreover, the Court noted, Springfield MCFP is a medical facility equipped to provide appropriate care. The Court further found that § 3553 sentencing factors did not weigh in favor of relief.

Five months later, Stodsgill filed this second motion for a reduction in sentence, again citing the same medical conditions as grounds for compassionate release. (Doc. 915). On the standard form motion, he indicates, erroneously, that he hasn't previously applied or filed for a reduction in sentence. (*Id*. at 3, 7). In support of his motion, Stogsdill attaches medical records reflecting his current conditions and medications. (Doc. 915-2). He suggests that he is an ideal candidate for early release given the BOP's budget and staffing shortages. (Doc. 915-3). He offers a release plan proposing a return to the nursing home where he resided prior to his incarceration. (Doc. 915-1; Doc. 846).

## LEGAL STANDARDS

The First Step Act allows an incarcerated individual to bring his own motion for compassionate release after the warden of his facility receives the request and does not respond within 30 days. Relief under the First Step Act is within the court's discretion when a proposed sentence reduction is supported by: (1) "extraordinary and compelling reasons," (2) applicable policy statements issued by the Sentencing Commission, and (3) the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As relevant here, "extraordinary and compelling reasons" include (1)(A) a terminal illness; (B) a serious medical condition that substantially diminishes one's ability to provide self-care in the facility, and from which he is not expected to recover, or (C) a medical condition that requires long-term or specialized care that is not being provided and without which the defendant risks a serious deterioration or death; and (2) the defendant's age (at

least 65 years old). U.S.S.G. § 1B1.13(b).

The second requirement – that the reduction is consistent with Sentencing Commission policy – focuses on community safety. The guidelines provide that compassionate release is only appropriate when the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2).  Relevant factors include the nature of the offense, the history and characteristics of the defendant, and the nature of the danger. *Id*. (incorporating 18 U.S.C. § 3142(g) factors).

The third requirement focuses on the § 3553(a) factors, which include "(1) the nature and circumstances of the offense and the history and characteristics of the defendant," as well as "(2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. §  3553(a).

Compassionate release under 18 U.S.C. § 3582(c) is "an extraordinary and rare event." *White v. United States*, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019). The defendant bears the burden of establishing that such relief is warranted. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

## DISCUSSION

As a preliminary matter, Stogsdill states that he submitted a request for compassionate release to the warden of his facility in May 2025 and received no answer. Though Stogsdill has not presented any documentation supporting this assertion and elsewhere misrepresented that this was his first motion, the Court will accept *arguendo* that Stogsdill has satisfied the prerequisite of administrative exhaustion.

On the merits, upon review of Stogsdill's motion and medical records, the Court remains unconvinced that his conditions rise to the level of extraordinary and compelling. His medical conditions were known at the time of sentencing and factored into the downward variance. As best as the Court can ascertain from the record, Stogsdill's conditions haven't materially deteriorated in the past year and are being managed at MCFP Springfield. The systemic staffing shortages alleged in Stogsdill's motion cannot support any claim that his own medical circumstances are extraordinary.

Proceeding to the remaining requirements of 18 U.S.C. § 3582(c)(1)(A), the Court's analysis of § 3553(a) sentencing factors hasn't changed since its order of February 2025. As previously stated, the guideline minimum was 210 months (Doc. 846), yet the Court imposed only 60 months due in part due to Stogsdill's medical conditions. (Doc. 861). The Court continues to believe that the original sentence is fair and just, and that no reduction is appropriate in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for a reduction in sentence is **DENIED**. (Doc. 915).

**IT IS FURTHER ORDERED** that the Clerk is directed to seal indefinitely Doc. 915-2 containing Defendant's medical records.

Dated this 12th day of February 2026.

*[signature: John A. Ross]*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE